UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

D&D AUTOMATION, INC.,

                                    Plaintiff,         DECISION AND ORDER

-vs-

                                                         12-CV-6366 CJS

MB SISTEMAS S. COOP.,

                                    Defendant.

_____

       On July 5, 2012, Defendant filed a Notice of Removal (Docket No. [#1]) of this action from New York State Supreme Court, Chemung County.  The state court action was commenced on May 17, 2012.  Defendant maintains, however, that it did not receive Plaintiff's pleading until May 21, 2012.  Twenty nine days later, on June 19, 2012, the state court action was dismissed on the merits.  On July 3, 2012, Plaintiff filed a Notice of Appeal with the New York State Supreme Court, Appellate Division, Third Department.  Plaintiff served the Notice of Appeal on Defendant that same day.  Two days later, and forty-nine days after the state court action was commenced, and forty-five days after Defendant received notice of Plaintiff's claims, Defendant filed the Notice of Removal to this Court.  On  July 9, 2012, Plaintiff filed a motion to remand [#6].  The Court has reviewed the legal authority cited in both the Notice of Removal and Plaintiff's motion, and finds that additional briefing is not necessary.

       To be timely, a removal must be "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C.

§ 1446(b)(1). "When applying § 1446(b), the Court is to construe the thirty-day period narrowly, resolving any doubts against removability." *Barnhart v. Federated Dept. Stores, Inc.*, 2005 WL 549712 at *2 (S.D.N.Y. Mar. 8, 2005) (citations and internal quotation marks omitted).

In this case, Defendant maintains that the removal was timely,

> since it [was] filed within thirty (30) days of [Defendant's] receipt of [Plaintiff's] papers appealing the State Court decision dismissing [Plaintiff's] case and denying [Plaintiff's] application for an interim and permanent stay of the [underlying arbitration]. Since [Defendant] could not have removed the State Court action once Justice O'Shea had dismissed it in its entirety, the action became removable only after [Plaintiff] appealed Justice O'Shea's Order. [Defendant] is timely removing the State Court Action within 30 days of [its] receipt of [the] Notice of Appeal[.]

Notice of Removal [#1] at ¶ 21. For support of this argument, Defendant cites *Legal Aid Society v. City of New York*, 1998 WL 689950 at *2 (S.D.N.Y. Sep. 30, 1998).

However, the *Legal Aid* decision is not on point. *Legal Aid* is somewhat similar to this case only in that both cases involve actions that were removed after a state court action was dismissed. Significantly, though, the defendant in *Legal Aid* had only seven days notice within which to remove, before the action was dismissed. The district court therefore extended the removal period based on equitable grounds. *See, Legal Aid*, 1998 WL 689950 at *2 ("It would be unreasonable to find that defendants were required to remove the case in the seven days between June 27 and July 3."). Moreover, the unique facts in *Legal Aid* led to confusion as to whether there was a basis for federal jurisdiction. *See, id.* at *2, n.1 ("[The] 'amended complaint' created confusion regarding whether or not there was even a basis for removing the action to federal court. This confusion lends further support for tolling the running of the removal period.").

In this case, Defendant had twenty-nine days in which to remove the state court action before it was dismissed. Defendant chose not to do so, and instead, litigated the action on the merits in Supreme Court, Chemung County. The subsequent dismissal of the action, and Plaintiff's filing of a notice of appeal, did not re-set the statutory 30-day clock for removal. Even assuming, *arguendo*, that it would be appropriate to toll the 30-day clock during the period between dismissal and service of the Notice of Appeal (June 20th - July 3rd ), Defendant still filed the Notice of Removal thirty-one days after receiving Plaintiff's pleading. The Court does not find any equitable reason to extend Defendant's time to remove. Accordingly, the Notice of Removal is untimely pursuant to 28 U.S.C. § 1446(b)(1).

ORDER

It is hereby

ORDERED, that this action is remanded to the New York State Supreme Court, Appellate Division, Third Department. The Clerk of the Court is directed to close this action.

SO ORDERED.

Dated:    Rochester, New York
          July 13 , 2012

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge