UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

D&D AUTOMATION, INC.,

                                       Plaintiff,

-vs-

MB SISTEMAS S. COOP.,

                                       Defendant.

AMENDED
DECISION AND ORDER

12-CV-6366 CJS

_____

      Plaintiff, a Canadian corporation, and Defendant, a Spanish corporation, were parties to a contract. In February 2012, Defendant terminated the contract and filed an arbitration proceeding in Bilbao, Spain. On May 17, 2012, Plaintiff commenced an action in New York State Supreme Court, Chemung County, seeking to permanently stay the arbitration, on the grounds that the parties never agreed to arbitration. The Summons with Notice indicated that Plaintiff was seeking, *inter alia*, a judgment that the parties never agreed to arbitration, and that Defendant owed Plaintiff $237,210.00 under the contract.

      On June 19, 2012, the Supreme Court, Chemung County, the Hon. Judith F. O'Shea, presiding, dismissed Plaintiff's lawsuit on the merits. Specifically, Justice O'Shea denied Plaintiff's request for a permanent stay, after finding that Plaintiff "unequivocally agreed to arbitrate all disputes under the contract." *See*, Notice of Removal, Ex. K at p. 4.

      On July 3, 2012, Plaintiff filed a Notice of Appeal with the New York State Supreme Court, Appellate Division, Third Department. Plaintiff served the Notice of Appeal on Defendant that same day.

      On July 5, 2012, Defendant filed the subject notice of removal with this Court. On July 9, 2012, Plaintiff filed a motion to remand [#6]. On July 13, 2012, the Court issued a Decision and Order granting the motion to remand the action to state court, on the ground

1

that the removal was not timely under 28 U.S.C. § 1446(b)(1).

That same day, Defendant made an application in the nature of a motion to reconsider, which is now before the Court. Specifically, Defendant maintains that the proper inquiry is not whether the action was timely removed within thirty days as required by 28 U.S.C. § 1446. Instead, Defendant maintains that this action falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, and that pursuant to 9 U.S.C. § 205, removal is proper "at any time before the trial thereof." Moreover, Defendant maintains that removal was timely, since there has been no "trial." In that regard, Defendant contends that "'the trial thereof' refers to the substantive adjudication on the merits of the underlying claims – not simply to disposition of one party's application to stay arbitration." Letter of Gabriel Nugent, Esq., dated July 13, 2012 (*citing New Avex v. Socata Aircraft, Inc.*, 2002 WL 1998193 at *4 (S.D.N.Y. Aug. 29, 2002)). According to Plaintiff, "[b]ecause [Plaintiff's] underlying claims here, for monies it says it is owed for work it performed under its agreement with [Defendant], have not been adjudicated in state court (inasmuch as the State Supreme Court determined those claims must be arbitrated), no 'trial' within the meaning of 9 U.S.C. § 205 has yet occurred here." *Id*.

The Court will agree, for purposes of the motion for reconsideration, that as to timeliness, the proper inquiry is under 9 U.S.C. § 205, and not 28 U.S.C. § 1446. Even so, however, the Court still finds that removal was untimely. On this point, the Court relies upon *LaFarge Coppee v. Venezolana de Cementos, S.A.C.A., C.A.*, 31 F.3d 70 (2d Cir. 1994) ("*LaFarge*"). In pertinent part, the Second Circuit in *LaFarge* stated:

> [T]he case was improperly removed because it was not removed "before the trial." Though the proceedings in the State Court were brief, they resulted in an adjudication of the entirety of the claim that the plaintiffs tendered for

decision. Their petition sought an injunction, in aid of arbitration, for the interim period between issuance of the injunction and 'such time as the arbitrators are able to rule on petitioner's request for interim relief in the arbitration.' . . . [T]here is no indication that any of the parties or the State Court considered the injunction as 'preliminary' to a later 'final' court injunction; for the interim period to which it applied, the injunction was 'final.' The hearing at which the decision was reached to issue that injunction was therefore the only 'trial' that would be held in the State Court concerning the petition filed by the plaintiffs. Since the removal petition was not filed before this 'trial,' the case was not removable under section 205.

*Id*. at pp. 72-73 (citations omitted).

Similarly, in this case, the "trial" in state court occurred when Justice O'Shea denied Plaintiff's lawsuit on the merits. Although Plaintiff had sought injunctive relief and a money judgment against Defendant, Justice O'Shea determined that Plaintiff was not entitled to either form of relief, since it had agreed to arbitrate any disputes with Defendant. In that regard, Justice O'Shea adjudicated the entire claim that Plaintiff had tendered for decision, although not in the manner that Plaintiff had hoped.

Defendant maintains, though, that *LaFarge* does not apply. More specifically, Defendant contends that no "trial" occurred, since Plaintiff's demand for a money judgment was "never adjudicated, or even addressed, in the State Supreme Court proceeding." Nugent Letter at p. 2. That is incorrect, however. Actually, Justice O'Shea found that Plaintiff was not entitled to litigate its claim for money damages *in court*, since it had unequivocally agreed to arbitration. Such ruling was a complete adjudication of the claims that were before her. As to the *New Avex* case, the Court finds that it is factually inapposite.[1] Accordingly, the Court remains convinced that remand is required.

---

[1] *New Avex* is distinguishable in several aspects. Most notably, the removal in *New Avex* occurred before the state court judge had issued any substantive ruling. *See, id.*, 2002 WL 1998193 at *2 ("On August 15, with no Opinion having been issued by Justice Shafer, Socata removed the action to this Court.").

ORDER

It is hereby

ORDERED, that Defendant's motion for reconsideration (Docket Nos. 9 & 10) is denied. This action is remanded to the New York State Supreme Court, Appellate Division, Third Department. The Clerk of the Court is directed to close this action.

SO ORDERED.

Dated:    Rochester, New York
          July 24, 2012

                                    ENTER:

                                    /s/ Charles J. Siragusa
                                    CHARLES J. SIRAGUSA
                                    United States District Judge